IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIELA CASTELLANOS,<br><br>Defendant. | Case No. CR15-2037<br><br>ORDER FOR PRETRIAL DETENTION |

On the 13th day of January, 2016, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Lisa C. Williams. The Defendant appeared personally and was represented by her attorney, Wallace L. Taylor.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 26, 2015, Defendant Daniela Castellanos was charged by Indictment (docket number 12) with conspiracy to distribute a controlled substance. At the arraignment on January 11, 2016, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on March 14, 2016.

Cedar Rapids Police Officer Brian Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charge. While investigating the distribution of methamphetamine in the Marshalltown, Iowa, area, investigators obtained a Title III wiretap on phones used by Mario Murillo-Mora. While monitoring those phones, investigators intercepted 280 "pertinent" text messages involving Defendant, and 11 pertinent phone calls. According to Furman, cooperating individuals have also proffered testimony regarding Defendant's involvement in a conspiracy to distribute methamphetamine.

Defendant, age 29, was born in Mexico, but moved to California with her family at about age 3. In 1997, at age 10, Defendant moved with her family to Marshalltown, Iowa, where she currently resides. Defendant is a Mexican citizen, but has permanent resident alien status in the United States. At the time of hearing, the Government introduced Exhibit 1, suggesting the Department of Homeland Security may seek Defendant's removal from the United States.

Defendant has never been married, but has six children from two prior relationships. The two oldest children live with their paternal grandmother, and the four younger children reside with their father in Marshalltown. Prior to her arrest, Defendant was purportedly living with her mother and step-father in Marshalltown, and would return there if released. Defendant has three sisters who live in Marshalltown, a brother who lives in Des Moines, and another brother who resides in Mexico.

Defendant is in good physical health and denies she has ever suffered from a mental illness. In 2013 and 2014, Defendant worked as a certified nursing assistant at a nursing home. From April or May 2015 to August 2015, Defendant was employed at her step-father's drywall business. Defendant has been unemployed since August 2015 and is financially supported by her mother and step-father.

Defendant told the pretrial services officer that she first used methamphetamine in 2010, but abstained from using it again until early 2015. According to Defendant, she used methamphetamine about six times in 2015, with her last use being one week prior to her arrest.

Defendant has only a minimal prior criminal record, consisting of three convictions for driving while suspended and two convictions for driving while barred. In June 2012, she failed to appear for a contempt hearing and a warrant was issued for her arrest. She was arrested more than three months later, released on bond, and given a two-day suspended jail term.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A

3

finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to

4

the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe Defendant committed a serious drug offense, there is a rebuttable presumption that she should be detained pending the trial. Defendant has significant ties to the Marshalltown community, but she is not a United States citizen and there is an indication that the Department of Homeland Security will seek her removal from the United States. At the time of hearing, Officer Mike Hindman and Officer Brian Furman testified regarding efforts to locate Defendant to effect her arrest. Both officers testified that they had information Defendant knew of the indictment and a warrant for her arrest, but was "hiding out" and intending to flee to California or Mexico. Because the indictment was made public on September 1, 2015, and because various co-defendants were arrested shortly after that time, the Court believes it is likely Defendant knew that she was wanted by authorities. Rather than surrender herself, however, Defendant quit her employment and laid low, allegedly intending to leave the jurisdiction. While I believe reasonable minds could disagree on this issue, I conclude that because of the rebuttable presumption for detention and the circumstances suggesting risk of flight, Defendant should be detained pending the trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions

5

will reasonably assure the appearance of Defendant as required. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of her right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (January 11, 2016) to the filing of this Ruling (January 13, 2016) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 13th day of January, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA