**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DANIELA CASTELLANOS,

    Defendant.

No. 15-CR-2037-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  RELEVANT PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . *2*

*III. STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV. RELEVANT FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . *3*

*V.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

    *A.  Probable Cause* . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *1.  Legal standard* . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *2.  Application* . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *B.  Necessity* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
        *1.  Legal standard* . . . . . . . . . . . . . . . . . . . . . . . . *8*
        *2.  Application* . . . . . . . . . . . . . . . . . . . . . . . . . *8*

*VI. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## *I. INTRODUCTION*

The matter before the court is Defendant Daniela Castellanos's Objections (docket no. 243) to United States Chief Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 240), which recommends that the court deny Defendant's Motion to Suppress Wiretap Evidence ("Motion") (docket no. 189).

## II. RELEVANT PROCEDURAL BACKGROUND

On August 26, 2015, the grand jury returned an Indictment (docket no. 12) charging Defendant and ten others with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. The Indictment also contains a forfeiture allegation. On March 11, 2016, Defendant filed the Motion. On March 17, 2016, the government filed a Resistance (docket no. 200). On March 22, 2016, Judge Scoles held a hearing on the Motion. *See* March 22, 2016 Minute Entry (docket no. 204). Defendant appeared in court with her attorney, Wallace Taylor. Assistant United States Attorney Lisa Williams represented the government. On April 5, 2016, Judge Scoles issued the Report and Recommendation, which recommends that the court deny the Motion. On April 19, 2016, Defendant filed the Objections. The government did not file a response to the Objections and the time for doing so has expired. The Report and Recommendation and the Objections are fully submitted and ready for decision.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error

for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

## IV. RELEVANT FACTUAL BACKGROUND[1]

On February 25, 2015, AUSA Williams presented an application for a Title III wiretap on Target Telephone 16 and a continuation of a wiretap on Target Telephone 9 to the court. *See* Application (docket no. 189-2). The application included a letter of approval and memorandum of authorization for interception from the United States Department of Justice. *See id.* at 16-18. The application also included an affidavit from Bryan Furman, Task Force Officer of the Drug Enforcement Administration ("DEA"). *See id.* at 21.

The application includes an overview of various wiretaps previously used in the investigation of a drug trafficking organization allegedly led by Mario Murillo-Mora. The history of wiretaps included in the application began in October of 2014 and continued on various target telephones through February 28, 2015. The application states that "[t]here is probable cause to believe that Target Telephone 9 and Target Telephone 16 have been used, are being used, and will continue to be used by Mario Murillo-Mora, and others as yet unknown, in connection with the commission of" the crime of conspiracy to distribute controlled substances. *Id.* at 5 (formatting omitted). The application requested that the court grant an extension of the wiretap on Target Telephone 9 and authorize a wiretap on Target Telephone 16, based on Officer Furman's affidavit.

---

[1] After reviewing the application and affidavit, the court finds that Judge Scoles accurately and thoroughly set forth the relevant facts in the Report and Recommendation. *See* Report and Recommendation at 2-7. Accordingly, the court only briefly summarizes the facts. When relevant, the court relies on and discusses additional facts in conjunction with its legal analysis.

In the affidavit, Officer Furman states that he has been an officer with the Cedar Rapids, Iowa Police Department since July of 1994 and a Task Force Officer with the DEA since September of 2009. *Id.* at 21. His past experience includes conducting or participating in more than 100 investigations of the "unlawful importation, possession, and distribution of controlled substances, as well as related money laundering . . . involving the proceeds of specified unlawful activities and conspiracies associated with criminal narcotics . . . ." *Id.* at 22. Officer Furman states that based on his own personal knowledge, reports from other law enforcement officers and information from confidential sources, there is probable cause to believe that at least sixty individuals were committing violations of federal controlled substance laws.

Officer Furman's affidavit describes various facts establishing probable cause for the wiretap on Target Telephone 16. *See id.* at 53-79. The affidavit also incorporates by reference ten prior affidavits, which were submitted in support of the prior wiretaps.[2] The affidavit describes various investigative techniques that law enforcement utilized to gather information regarding the distribution and sale of methamphetamine. These include text messages and telephone calls placed or received by Murillo-Mora on Target Telephone 16, which law enforcement accessed through a pen register and trap and trace device.

The affidavit also sets forth facts purportedly establishing the necessity for a wiretap. *See id.* at 79-123. These facts include an outline of various investigative techniques, the extent to which those techniques were utilized and Officer Furman's analysis of why those techniques would not be sufficient to achieve the goals of the investigation absent the requested wiretaps. *See id.* The affidavit and its contents are discussed in more detail below.

---

[2] All but one of the affidavits were submitted to the court. The other was submitted to and approved by Chief Judge John Jarvey of the United States District Court for the Southern District of Iowa. *See* Report and Recommendation at 5 n.4; *see also* Application at 53 n.2.

## V. ANALYSIS

In the Objections, Defendant objects to Judge Scoles's conclusions that probable cause existed for the wiretap and that the affidavit sufficiently demonstrates the necessity required for the warrant. *See* Objections at 2-5.

### A. *Probable Cause*

In the Report and Recommendation, Judge Scoles found that

> the facts submitted in Officer Furman's affidavit, together with the facts submitted in the 10 preceding affidavits, when considered in a commonsense fashion, clearly establish probable cause to believe that Murillo-Mora was engaged in the unlawful distribution of a controlled substance. Moreover, there was probable cause to believe that communications pertaining to the drug trafficking could be obtained through a wiretap on [T]arget [T]elephone 16. Accordingly . . . the application and supporting affidavit satisfy the probable cause requirements of § 2518(3)(a) and (b).

Report and Recommendation at 10. Defendant argues that Judge Scoles incorrectly relied on Officer Furman's beliefs and opinions to find probable cause, instead of facts. *See* Objections at 2-3. Defendant also argues that Judge Scoles's "practical, common-sense" reading of the affidavit amounted to reading it "in the light most favorable to the government," and that the Report and Recommendation is unclear regarding how Officer Furman's experience and training supported a finding of probable cause "or provided a basis for the Report and Recommendation." *Id.* at 4.

#### 1. *Legal standard*

Upon application and before issuing an order authorizing or approving "the interception of a wire, oral, or electronic communication," a judge must find "probable cause for belief that an individual is committing, has committed, or is about to commit a particular offense" and that "there is probable cause for belief that particular communications concerning that offense will be obtained through such interception." 18

5

U.S.C. § 2518(3). "The probable cause required for allowing electronic interception of wire communications is the same as that required by the Fourth Amendment for a search warrant." *United States v. Milton*, 153 F.3d 891, 894 (8th Cir. 1998) (citing *United States v. Macklin*, 902 F.2d 1320, 1324 (8th Cir. 1990)). "In determining probable cause, [the court is] bound to consider only the facts contained within the four corners of the affidavit." *Id.* Therefore, "to grant an application for a wiretap, district courts must make a 'practical, common-sense decision whether,' considering the 'totality-of-the-circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Thompson*, 690 F.3d 977, 984-85 (8th Cir. 2012) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)); *see also United States v. Gaines*, 639 F.3d 423, 432-33 (8th Cir. 2011) ("Courts must test applications for wiretaps . . . in a practical and commonsense fashion . . . ." (quoting *United States v. Garcia*, 785 F.2d 214, 221-22 (8th Cir. 1986)) (alteration in original)).

    2.    *Application*

Officer Furman's affidavit contains a section titled "Facts Establishing Probable Cause." *See* Application at 53 (formatting omitted). In that section, he sets forth information detailing how, using a combination of pen registers, trap and trace devices and wiretaps, investigators uncovered information regarding Murillo-Mora's and his associates' drug trafficking operation. *See, e.g.*, *id.* at 54-77. Furthermore, Officer Furman provides his analysis of information from the pen register and trap and trace device on Target Telephone 16, which includes 641 text messages from 60 different telephone numbers between February 6, 2015 to February 17, 2015. *Id.* at 77-79. Officer Furman states that he believes "these text messages are indicative of drug trafficking activity or indicative of planned actions towards the facilitation of drug trafficking activity." *Id.* at 78. The affidavit also states that law enforcement utilized a confidential informant who "provided information about the membership, structure, and customs" regarding this drug trafficking

6

enterprise. *Id.* at 51. The confidential informant's information was independently corroborated through various databases, such as: "Facebook and the Iowa Secretary of State, . . . employment records, Iowa Department of Transportation files, physical surveillance, telephone analysis, and text messages obtained through consent and the execution of a search warrant." *Id.* at 52. Additionally, the affidavit specifically incorporates past affidavits which were used in support of wiretap applications. *See id.* at 53. Defendant objects to any reliance "on the prior wiretap orders on other phones." Objections at 3. However, Defendant mischaracterizes the court's analysis, which looks only to the affidavits explicitly mentioned within the instant application, that is, "within the four corners" of the application at issue. *See Milton*, 153 F.3d at 894. Under "a practical and commonsense" reading of the affidavit, it is clear that probable cause existed for the wiretap.

Defendant's objection that it is unclear how Officer Furman's experience and training support a finding of probable cause is inapposite. At the beginning of the affidavit, Officer Furman states that he has more than twenty years' experience as a police officer and has been a Task Force Officer for the Drug Enforcement Administration since 2009. Application at 21-22. Officer Furman's experience bears directly on whether his opinions, based on facts set out at length in the affidavit, are sufficient to support a finding of probable cause. Accordingly, Officer Furman's analysis of the information, based on his substantial experience in drug-related investigations, is relevant to the finding of probable cause. Based on the facts contained in the affidavit, the court finds that probable cause existed both "for belief that an individual is committing, has committed, or is about to commit a particular offense" and "that particular communications concerning that offense will be obtained though such [wiretap]." 18 U.S.C. § 2518(3). Therefore, the court shall overrule Defendant's Objections to the extent she argues there was no probable cause for the wiretap.

### B. *Necessity*

In the Report and Recommendation, Judge Scoles found that "the application and supporting affidavit met the necessity requirement found in 18 U.S.C. § 2518(3)(c)." Report and Recommendation at 12. His finding was based on the fact that normal investigative procedures were tried and failed or were deemed unlikely to succeed. *See id.* at 11-12. Defendant argues that "the government did not try normal investigative procedures" and failed to make "a reasonable attempt to obtain cooperation from . . . suspects." Objections at 5.

#### 1. *Legal Standard*

"[A]ny application for a wiretap must include 'a full and complete statement as to whether or not other investigative procedure have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous . . . .'" *United States v. Turner*, 781 F.3d 374, 382 (8th Cir. 2015) (quoting 18 U.S.C. § 2518(1)(c)). "[B]efore granting an application, the court must find that 'normal investigative procedures' have failed or 'reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" *United States v. West*, 589 F.3d 936, 939 (8th Cir. 2009) (quoting 18 U.S.C. § 2518(3)(c)). Although "[w]iretaps should not be 'routinely employed as the initial step in an investigation,'" the law "does not require that law enforcement officers exhaust all possible techniques before applying for a wiretap." *Turner*, 781 F.3d at 383-84 (quoting *United States v. Macklin*, 902 F.2d 1320, 1326 (8th Cir. 1990)). Furthermore, "[w]hether the statutory requirement is met is to be determined by the issuing judge in a commonsense manner, and the determination is a finding of fact . . . ." *United States v. Thompson*, 690 F.3d 977, 986 (8th Cir. 2012) (quoting *Macklin*, 902 F.2d at 1327).

#### 2. *Application*

In the affidavit, Officer Furman identifies numerous investigative techniques that law enforcement officers engaged in, as well as those that were considered but ultimately

8

deemed unlikely to succeed or too dangerous. *See* Application at 79-123. These techniques include the use of confidential sources, controlled purchases of methamphetamine, physical surveillance, the use of undercover agents, search warrants, interviews, grand jury subpoenas, trash searches, pole cameras, pen registers, trap and trace devices, mail cover requests and financial investigations. Officer Furman explained, for each method, why it was insufficient to achieve the goals of the investigation without a wiretap or, for those techniques that were not utilized, why law enforcement deemed those methods unsuitable. *See id.* Defendant argues that the affidavit "demonstrated repeated occasions when investigators had information or had suspects who were arrested or could have been arrested, that would have led to further evidence" and that by failing to take advantage of these opportunities, law enforcement did not sufficiently utilize "normal investigative procedures." Objections at 4-5. Defendant states that "[t]here is no indication that investigators in this case made a reasonable attempt to obtain cooperation from the suspects." *Id.* at 5.

The court agrees with Judge Scoles's finding that the necessity requirement is met. Officer Furman's affidavit states that law enforcement interviewed several individuals and, for a time, utilized a confidential source. *See* Application at 109-12. To the extent Defendant argues that certain individuals could have been "arrested and forced to cooperate with the prosecution," the court rejects the plausibility of such a scenario. Defendant's suggestion is speculative and Defendant has not set forth any evidence suggesting such efforts on the part of the government would have been fruitful. In any event, the case law does not appear to require such efforts before the government can seek permission for a wiretap. *See Turner*, 781 F.3d at 383-84. Furthermore, "[i]f law enforcement officers are able to establish that conventional investigatory techniques have not been successful in exposing the full extent of the conspiracy and the identity of each coconspirator, the necessity requirement is satisfied." *West*, 589 F.3d at 939 (quoting

9

*United States v. Jackson*, 345 F.3d 638, 644 (8th Cir. 2003)). Given all of the facts outlined in Officer Furman's affidavit, the court finds that the necessity requirement of 18 U.S.C. § 2518(3)(c) is met. Accordingly, the court shall overrule Defendant's Objections to the extent she argues the government failed to satisfy the necessity requirement.

## VI. CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED**:

(1) The Objections (docket no. 243) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 240) is **ADOPTED**; and

(3) The Motion to Suppress (docket no. 189) is **DENIED**.

**DATED** this 5th day of May, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA