# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DANIELA CASTELLANOS, Defendant. | No. 15-CR-2037-LRR-3 <br> **ORDER** |

## I. INTRODUCTION

The matter before the court is Defendant Daniela Castellanos's "Motion in Limine" ("Motion") (docket no. 328).

## II. RELEVANT PROCEDURAL HISTORY

On August 26, 2015, the grand jury returned a one-count Indictment (docket no. 12), charging Defendant and others with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Defendant has pleaded not guilty and a jury trial is scheduled to commence with jury selection on August 5, 2016, and evidence beginning on August 9, 2016. *See* Trial Scheduling Order (docket no. 338). On July 12, 2016, Defendant filed the Motion. On July 22, 2016, the government filed a Resistance (docket no. 354). On July 25, 2016, the parties appeared before the court for a final pretrial conference, during which they addressed the issues appearing in the Motion. *See* July 25, 2016 Minute Entry (docket no. 362). The matter is fully submitted and ready for decision.

## III. ANALYSIS

In the Motion, Defendant argues that the court should exclude testimony by law enforcement officers stating their opinion about the "meaning and intent" of certain wiretapped conversations between Defendant and others. *See* Motion at 1-2. More specifically, Defendant anticipates that the government will play recorded telephone conversations for the jury and will elicit officer testimony about the meaning of the

conversations and the intent of the participants of the conversations. *See generally id.* Defendant further argues that officers should be barred from speculating about the identities of the parties to the conversations. *See* Brief in Support of Motion (docket no. 328-1) at 4.

Federal Rule of Evidence 702 permits a witness who is "qualified as an expert by knowledge, skill, experience, training, or education" to provide opinion testimony if he or she has "specialized knowledge [that] will help the trier of fact to understand the evidence," so long as such testimony meets certain criteria ensuring its reliability. *See* Fed. R. Evid. 702. Pursuant to Rule 702, "[i]t is 'well established that experts may help the jury with the meaning of jargon and codewords' used by drug dealers." *United States v. Haire*, 806 F.3d 991, 996 (8th Cir. 2015) (quoting *United States v. Delpit*, 94 F.3d 1134, 1145 (8th Cir. 1996)). In particular, law enforcement officers may testify about drug-related terms used in a particular city or region if they have the requisite "personal experience and training," which can include "experience as narcotics investigators" and/or drug purchases as undercover officers. *United States v. Placensia*, 352 F.3d 1157, 1164-65 (8th Cir. 2003). Outside of an expert capacity, however, officers may not testify regarding matters about which they have no personal knowledge, Fed. R. Evid. 602, and may not provide opinion testimony that is not "rationally based on [their] perception," Fed. R. Evid. 701. *See also United States v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001) ("When a law enforcement officer is not qualified as an expert by the court, her testimony is admissible as lay opinion only when the law enforcement officer is a participant in the conversation, has personal knowledge of the facts being related in the conversation, or observed the conversations as they occurred.").

In the Motion, Defendant concedes that "[w]ithout knowing exactly which recorded calls the government intends to introduce into evidence, it is impossible for [Defendant] to present examples to the [c]ourt." Brief in Support of Motion at 4. Without knowing

the details of any officer testimony, the court cannot determine whether such testimony will be properly based on expert opinion, personal knowledge or lay opinion rationally based on the officer's perception. Therefore, the court denies the Motion. If an objection is made by Defendant at trial, the court will address the objection at that time.

### *IV. CONCLUSION*

In light of the foregoing, the Motion (docket no. 328) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 26th day of July, 2016.

LINDA R. REApDE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA